UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| James Alfred Rose, III | ) | Case No. 08-00625-8-JRL |
| | ) | |
| Debtors | ) | Chapter 11 |

### BANKRUPTCY ADMINISTRATOR'S OBJECTION TO
### FIFTH MOTION FOR EXTENSION OF TIME

Now comes the Bankruptcy Administrator, responding to the Debtor's Fifth Motion for Extension of Time, and in support thereof, shows unto the Court the following:

1. The Debtor filed an accelerated petition for relief under Chapter 11 of the Bankruptcy Code on January 31, 2008. The Debtor has requested and been granted four extensions of time to file his schedules and statement of financial affairs ("schedules"), with the last deadline being April 15, 2008. The Debtor did not file his schedules by the April 15, 2008 deadline. Rather, the Debtor filed a Fifth Motion for Extension of Time in which he requested an additional seven days to file the schedules citing "apparent health problems and perhaps other reasons."

2. On April 1, 2008 the Bankruptcy Administrator filed a motion to convert the case to Chapter 7, or in the alternative, to appoint a Chapter 11 trustee. The Debtor asked for and received a continuance of the 341 meeting to April 29, 2008. The Debtor appeared at an intake conference at the Bankruptcy Administrator's Office on March 20, 2008.

3. At the status conference held March 31, 2008 The Honorable Judge J. Rich Leonard denied the motion of Robert King to dismiss the case. Judge Leonard allowed the Debtor until April 15, 2008 to file his schedules. However, Judge Leonard indicated that if the

Debtor did not file his schedules by April 15, 2007 he would consider converting the case to Chapter 7 sua sponte.

4. Although the schedules had not been filed prior to the Bankruptcy Administrator's intake conference, the Debtor provided a rough draft of his schedules. Upon information and belief, the Debtor owns approximately eighteen properties around the Carolina Beach area. The Debtor advised that approximately three of the Debtor's eighteen properties are leased at this time. Based upon the figures provided in the draft schedules, it appears that there is equity in most of the properties. Upon information and belief, several transfers of money and property occurred prior to the petition date. Those transfers warrant review by a trustee for possible recovery for unsecured creditors. The transfers include a $90,500.00 payment to an unsecured creditor for "gambling debts" which occurred the day before the Chapter 11 petition was filed.

5. Certain of the properties owned by the Debtor are in such poor condition that complaints about the properties have been lodged with the Town of Carolina Beach. The Town of Carolina Beach has contacted the Bankruptcy Administrator's Office several times regarding the status of the Debtor's properties. Upon information and belief, the Debtor will be unable to rent certain of his properties without making improvements, and the Debtor lacks the funds needed to do the work at this time.

6. The Debtor's case has been pending since January 31, 2008 and he has not filed his schedules or attended a § 341 meeting. In light of the known problems with the Debtor's properties, it is likely that allowing the Debtor to continue as a debtor-in-possession will result in continuing loss or diminution of the estate.

7. The deadline for responding to the Bankruptcy Administrator's Motion to Convert is April 25, 2008. However, in light of the Court's comments at the status conference regarding

sua sponte conversion of the case if the Debtor failed to comply with the April 15, 2008 deadline to file schedules, and the fact that the Debtor filed a Fifth Motion for Extension of Time rather than filing schedules as directed, the Bankruptcy Administrator requests that the Court immediately convert the case to Chapter 7 without further notice or hearing.

    WHEREFORE, the Bankruptcy Administrator respectfully requests unto the court the following:

    1.    That the Court immediately enter an order converting the Debtor's case to one under Chapter 7 for cause pursuant to 11 U.S.C. § 1112(b) without further notice or hearing; and

    2.    That the Court grant such other and further relief as it deems just and proper.

Respectfully submitted, this the 16th day of April, 2008.

        Marjorie K. Lynch
        Bankruptcy Administrator

By:    *s/ Anna Osterhout*
        Anna B. Osterhout
        Staff Attorney

Eastern District of North Carolina
P.O. Box 3758
Wilson, NC 27895-3758
252-237-6854

**CERTIFICATE OF SERVICE**

I, Anna Osterhout, of Post Office Box 3758, Wilson, North Carolina, 27895-3758, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 16th day of April, 2008, I served copies of the foregoing RESPONSE TO MOTION FOR EXTENSION OF TIME on the following:

Dean R. Davis
Attorney at Law
1508 Military Cutoff Rd., Ste 102
Wilmington, NC 28403

by electronic service via cm/ecf, and

James Alfred Rose, III
519 Spencer Furlow Drive
Carolina Beach, NC 28428

by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail.

I certify under penalty of perjury that the foregoing is true and correct.

Dated this the 16th day of April, 2008

                                    *s/ Anna Osterhout*
                                    Anna B. Osterhout
                                    Staff Attorney
                                    Bankruptcy Administrator's Office
                                    Eastern District of North Carolina
                                    Post Office Box 3758
                                    Wilson, North Carolina 27895-3758