UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In re:<br><br>James A. Rose, III<br><br>Debtor | Case No. 08-00625-8-JRL<br><br>Chapter 7 |
| Algernon L. Butler, III, Chapter 7 Trustee for James A. Rose, III,<br><br>Plaintiff,<br><br>v.<br><br>James A. Rose, III,<br>Eastern Coastal Investors, LLC,<br>Earth Movers Commercial Landscaping, LLC,<br>Those Guys and Their Dogs, LLC,<br>James A. Rose, Jr., and<br>Gonalakis Ioannis a/k/a Ioannis Gonalakis a/k/a "John the Greek",<br><br>Defendants. | Adversary Proceeding No. |

### COMPLAINT AND
### MOTIONS FOR INJUNCTIVE RELIEF

NOW COMES Algernon L. Butler, III Chapter 7 Trustee for James A. Rose, III ("Trustee"), in the above-referenced bankruptcy estate, and alleges and complains of the Defendants, James A. Rose, III ("Debtor"), Eastern Coastal Investors, LLC ("Eastern Coastal"), Earth Movers Commercial Landscaping, LLC ("Earth Movers"), Those Guys and Their Dogs, LLC ("Those Guys"), James A. Rose, Jr. ("James Rose, Jr."), and Gonalakis Ioannis a/k/a Ioannis Gonalakis a/k/a "John the Greek" ("Gonalakis") as follows:

### PARTIES, JURISDICTION AND VENUE

1.     The Debtor James A. Rose, III filed a petition under Chapter 11 commencing this case on January 31, 2008 ("Petition Date"). This case was converted to Chapter 7 by order of the Court entered on April 21, 2008 ("Conversion Date").

2.     Algernon L. Butler, III ("Trustee") was duly appointed and is serving as Chapter 7 Trustee in this case.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334 and the Standing Order of Reference of the United States District Court for the Eastern District of North Carolina.

4. This is a core proceeding under 28 U.S.C. §157(b)(2).

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL ALLEGATIONS

6. Despite this case having been filed on January 31, 2008, the Debtor has failed to file the schedules and statement of financial affairs required by 11 U.S.C. § 521(a)(1)(B), and on May 7, 2008 the Court entered an order for the Debtor to appear and show cause why he should not be held in contempt of the Court as a result of this failure.

7. Despite this case having been filed on January 31, 2008, the Debtor has failed to attend a section 341 meeting of creditors as required by 11 U.S.C. § 341.

8. The Debtor has been uncooperative and has failed and refused to comply with the Bankruptcy Code and Rules in this case.

9. The Trustee has requested to meet with the Debtor but has received no response to this request from the Debtor or his attorney.

10. Upon information and belief, Eastern Coastal Investors is a business entity which is owned 100% by the Debtor, as shown on Schedule B of the Draft Schedules.

11. The records of the North Carolina Secretary of State show that the Articles of Organization for Eastern Coastal were filed with that office on February 7, 2007, and that the Debtor is the registered agent, member, and manager of Eastern Coastal. Those records are attached hereto as Exhibit A.

12. Eastern Coastal is an insider of the Debtor.

13. Upon information and belief, Earth Movers is a business entity which is owned 100% by the Debtor, as shown on Schedule B of the Draft Schedules.

14. The records of the North Carolina Secretary of State show that the Articles of Organization for Earth Movers were filed with that office on August 14, 2007, and that the Debtor is the manager of Earth Movers. Those records are attached hereto as Exhibit B.

15. Earth Movers is an insider of the Debtor.

16. Upon information and belief, Those Guys is a business entity which is owned 100% by the Debtor, as shown on Schedule B of the Draft Schedules.

2

17.     The records of the North Carolina Secretary of State show that the Articles of Organization for Those Guys were filed with that office on February 7, 2007, and that the Debtor is the registered agent and initial member of Those Guys. Those records are attached hereto as Exhibit C.

18.     Those Guys is an insider of the Debtor.

19.     The Debtor may be the owner of 100% or a majority of the ownership interest in other business entities which are referred to herein as the "Debtor's Other Businesses."

20.     Upon information and belief, Gonalakis is a citizen and resident of New Hanover County, North Carolina.

21.     Upon information and belief, Gonalakis is an insider of the Debtor.

22.     Upon information and belief, Gonalakis is an insider of Eastern Coastal, Earth Movers, and Those Guys.

23.     Upon information and belief, the Debtor has given to Gonalakis his power of attorney as evidenced by the Power of Attorney filed with the New Hanover Register of Deeds on April 22, 2008 at Book 5304, Page 2953, a copy of which is attached hereto as Exhibit D.

24.     Upon information and belief, James Rose, Jr. is a citizen and resident of New Hanover County, North Carolina.

25.     James Rose, Jr. is the father of the Debtor and is an insider of the Debtor.

26.     Upon information and belief, the Debtor has given to James Rose, Jr. his power of attorney as evidenced by the Power of Attorney filed with the New Hanover Register of Deeds on April 23, 2004 at Book 4288, Page 583, a copy of which is attached hereto as Exhibit E.

27.     On April 24, 2008 the Trustee met with the Debtor's attorney, Mr. Dean Davis about this case. At that meeting Mr. Davis provided to the Trustee a draft of the Debtor's schedules and statement of financial affairs.

28.     On May 2, 2008 the Draft Schedules were filed with the Court by the Trustee in a filing entitled Trustee's Submission of Draft of Debtor's Schedules and Statement of Financial Affairs (DE # 132) (the "Draft Schedules"), which filing is incorporated herein by reference as if fully set forth.

29.     The Debtor's attorney indicated to the Trustee that the Draft Schedules were prepared with information obtained from the Debtor and the public record.

30.     Upon information and belief, on the date of the filing of the Debtor's petition in this case the Debtor was the owner of the following items of property, together with the keys and such

other items of personal property as are affixed to or installed in these items (cumulatively the "Personal Properties") each of which constitutes property of the bankruptcy estate:

### Vehicles

| |
|---|
| 2004 Carr Trailer - VIN 4YMUL10124G023118 |
| 2007 Chevy Silverado - VIN 2GCEK13Z171134062 |
| 2006 Load Rite boat trailer - VIN 5A4YKHL1862013403 |
| 2007 Ford DRW Super Duty Truck - VIN 1FDAW57P07EB40304 |
| 2005 Road _____ boat trailer - VIN 5KZBB081X5A007989 |
| 2005 Haul _____ trailer - VIN 16HCB12145G073994 |
| 2005 Yamaha four-wheeler |
| 2007 Ford Mustang GT (titled jointly with Eastern Coastal Investors, LLC) – this vehicle is encumbered by a lien |

### Boats/Watercraft

| |
|---|
| 2004 Honda jet-drive watercraft model # ARX1200T24 - NC Wildlife registration # NC-0638DE |
| 1988 Pursuit 27 ft. boat - NC Wildlife registration # NC-2000BU |
| 1987 12.5 foot Boston Whaler w/ trailer |

31.  Upon information and belief, and except as indicated above, the Personal Properties are unencumbered and are of consequential value to the estate.

32.  The Personal Properties constitute property of the bankruptcy estate pursuant to 11 U.S.C. § 541 which the Trustee is entitled to sell for the benefit of the estate pursuant to 11 U.S.C. § 363.

33.  On April 29, 2008 the trustee filed a motion for the Debtor and any other persons or entities in possession, custody or control of the Personal Properties to account for and turnover

4

and deliver to the Trustee the Personal Properties within two business days of the entry of the Court's order allowing the motion. An order on this motion has not yet been entered.

34. Upon information and belief, the Debtor contends that the 2007 Chevrolet Silverado truck, VIN 2GCEK13Z171134062 mentioned above (the "2007 Chevy"), which is titled in the name of the Debtor, was transferred to James Rose, Jr. in October 2007 (the "2007 Chevy Transfer").

35. Upon information and belief, the 2007 Chevy is in the possession, custody, or control of the Debtor and/or the Defendant James Rose, Jr.

36. Upon information and belief, the value of the 2007 Chevy, at all relevant times, was at least $26,650.00

37. Upon information and belief, in January 2008 the Debtor transferred to Gonalakis the sum of approximately $95,000 (the "Gonalakis Transfer").

38. Schedule A of the Draft Schedules indicates that the Debtor is the 100% owner of boat slip A-123 at Waterfronte Villas and Yacht Club ("Boat Slip 123").

39. On May 2, 2008 the Trustee spoke with Gonalakis on the telephone and transmitted to Gonalakis by facsimile and U.S. Mail the letter attached hereto as Exhibit F which instructed Gonalakis that neither he nor the Debtor was to take any action which would result in a disposal, transfer or encumbrance of any of the Debtor's property, and which also instructed Gonalakis, pursuant to 11 U.S.C. § 542, to account and deliver to the Trustee all of the Debtor's property in his possession, custody or control.

40. Gonalakis has failed to comply with or respond to the Trustee's letter to him of May 2, 2008.

41. Upon information and belief, and as shown by the records of the New Hanover County Register of Deeds, on August 14, 2007 the Debtor transferred to Eastern Coastal, for no consideration, Boat Slip 123.

42. Upon information and belief, and as shown by the records of the New Hanover County Register of Deeds, on April 30, 2008, Eastern Coastal transferred to a Donna Norris, for $40,000, Boat Slip 123. Gonalakis signed the deed to Ms. Norris purportedly as "member/manager" of Eastern Coastal.

43. Upon information and belief, and as shown by the records of the New Hanover County Register of Deeds, on July 17, 2007 the Debtor transferred to Eastern Coastal, for no consideration, boat slip D-38 at Inlet Watch Yacht Club ("Boat Slip D-38").

44. Upon information and belief, and as shown by the records of the New Hanover County Register of Deeds, on April 30, 2008, Eastern Coastal transferred to a Donna Norris and a Kamal

5

Ali Mansour, II, for $10,000, Boat Slip D-38. Gonalakis signed the deed to Ms. Norris and Mr. Mansour purportedly as "member/manager" of Eastern Coastal.

45. Upon information and belief, Eastern Coastal owns various items of personal property, monies and bank accounts, and vehicles and equipment, including a 2007 Haul trailer and a 1989 Mack truck, some of which has been used in the landscaping business of Earth Movers. All of the property of Eastern Coastal, wherever situated, is referred to herein as the "Property of Eastern Coastal".

46. Upon information and belief, the Property of Eastern Coastal is of a nature such that it may be easily moved, secreted, transferred, or damaged, such that it is essential that it be preserved and safeguarded until such time as it is finally determined that it is property of this bankruptcy estate or recoverable into this bankruptcy estate.

47. Upon information and belief, Earth Movers owns various items of personal property, monies and bank accounts. All of the property of Earth Movers, wherever situated, is referred to herein as the "Property of Earth Movers".

48. Upon information and belief, the Property of Earth Movers is of a nature such that it may be easily moved, secreted, transferred, or damaged, such that it is essential that it be preserved and safeguarded until such time as it is finally determined that it is property of this bankruptcy estate or recoverable into this bankruptcy estate.

49. Upon information and belief, Those Guys may own various items of personal property, monies and bank accounts. All of the property of Those Guys, wherever situated, is referred to herein as the "Property of Those Guys".

50. Upon information and belief, the Property of Those Guys is of a nature such that it may be easily moved, secreted, transferred, or damaged, such that it is essential that it be preserved and safeguarded until such time as it is finally determined that it is property of this bankruptcy estate or recoverable into this bankruptcy estate.

51. Upon information and belief, at the Chapter 11 intake conference which the Debtor and his attorney attended at the office of the United States Bankruptcy Administrator on March 20, 2008, the Debtor indicated that one of his attorneys had formed Eastern Coastal to protect his real property, that Eastern Coastal had no business at that time, and that the debtor intended to sell property of Eastern Coastal to fund the chapter 11.

52. The Trustee has received correspondence from the office of the Debtor's attorney indicating that the Debtor has recently left the state of North Carolina and is now living in Miami, Florida. A copy of this correspondence is attached hereto as Exhibit G.

6

## FIRST CLAIM FOR RELIEF
### Turnover of Property of the Estate - 11 USC § 542

53. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

54. Upon information and belief, the Debtor, Gonalakis, and/or James A. Rose, Jr. are in possession, custody, or control of the Personal Properties, and/or have knowledge as to the whereabouts of the Personal Properties.

55. Pursuant to 11 U.S.C. § 542, the Debtor, Gonalakis, James A. Rose, Jr., and any person or entity in possession, custody or control of the Personal Properties, are required to immediately account for and turnover and deliver to the Trustee the Personal Properties.

## SECOND CLAIM FOR RELIEF
### Recovery of Preference From Gonalakis - 11 USC § 547

56. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

57. The Gonalakis Transfer was made for the benefit of the Defendant Gonalakis.

58. The Gonalakis Transfer was for or on account of an antecedent debt owed by Debtor to Defendant Gonalakis before the Transfer was made.

59. The Gonalakis Transfer was made while Debtor was insolvent.

60. The Gonalakis Transfer enabled Defendant Gonalakis to receive more from Debtor than he otherwise would in this Chapter 7 proceeding.

61. The Gonalakis Transfer is avoidable as a preference pursuant to 11 U.S.C. § 547. Defendant Gonalakis is liable to the Trustee on behalf of the bankruptcy estate for return of the Gonalakis Transfer pursuant to 11 U.S.C. §§ 550 and 551 in an amount of at least $95,000.00.

## THIRD CLAIM FOR RELIEF
### Recovery of Fraudulent Transfer From Gonalakis - 11 USC § 548

62. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

63. In the alternative, and to the extent Defendant Gonalakis may not have been a creditor of Debtor for the Gonalakis Transfer, Debtor did not receive reasonably equivalent value in exchange for the Gonalakis Transfer and was insolvent at all times prior to filing bankruptcy and at the time of the Gonalakis Transfer.

64. Upon information and belief, the Gonalakis Transfer was incurred with the actual intent to hinder, delay, or defraud Debtor's creditors.

65. The Gonalakis Transfer was fraudulent in violation of 11 U.S.C. § 548. Defendant Gonalakis is liable to the Trustee on behalf of the bankruptcy estate for return of the Gonalakis Transfer pursuant to 11 U.S.C. §§ 550 and 551 in an amount of at least $95,000.00.

## FOURTH CLAIM FOR RELIEF
### Determination of Interest in Property – 2007 Chevy

66. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

67. On the Petition Date, and at the present time, the 2007 Chevy is titled in the name of the Debtor.

68. Pursuant to 11 U.S.C. § 541 the 2007 Chevy is property of this bankruptcy estate. The Trustee is entitled to an order providing that the 2007 Chevy is property of this bankruptcy estate and that any interest of Defendant James Rose, Jr. in the vehicle is void and subordinate to the estate's interest in the vehicle.

## FIFTH CLAIM FOR RELIEF
### Recovery of Preference From James Rose, Jr. - 11 USC § 547

69. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

70. The 2007 Chevy Transfer was made for the benefit of the Defendant James Rose, Jr.

71. The 2007 Chevy Transfer was for or on account of an antecedent debt owed by Debtor to Defendant James Rose, Jr. before the Transfer was made.

72. The 2007 Chevy Transfer was made while Debtor was insolvent.

73. The 2007 Chevy Transfer enabled Defendant James Rose, Jr. to receive more from Debtor than he otherwise would in this Chapter 7 proceeding.

74. The 2007 Chevy Transfer is avoidable as a preference pursuant to 11 U.S.C. § 547. Defendant James Rose, Jr. is liable to the Trustee on behalf of the bankruptcy estate for return of the 200 7 Chevy, or for a money judgment in the amount of at least $26,650, pursuant to 11 U.S.C. §§ 550 and 551.

8

## SIXTH CLAIM FOR RELIEF
### Recovery of Fraudulent Transfer From James Rose, Jr. - 11 USC § 548

75.     The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

76.     In the alternative, and to the extent Defendant James Rose, Jr. may not have been a creditor of Debtor for the 2007 Chevy Transfer, Debtor did not receive reasonably equivalent value in exchange for the 2007 Chevy Transfer and was insolvent at all times prior to filing bankruptcy and at the time of the 2007 Chevy Transfer.

77.     Upon information and belief, the 2007 Chevy Transfer was incurred with the actual intent to hinder, delay, or defraud Debtor's creditors.

78.     The 2007 Chevy Transfer was fraudulent in violation of 11 U.S.C. § 548. Defendant James Rose, Jr. is liable to the Trustee on behalf of the bankruptcy estate for return of the 2007 Chevy, or for a money judgment in the amount of at least $26,650, pursuant to 11 U.S.C. §§ 550 and 551.

## SEVENTH CLAIM FOR RELIEF
### Determination of Interest in Property and Turnover of Property of Estate – Boat Slips and Proceeds Thereof

79.     The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

80.     Upon information and belief, ever since the Debtor transferred legal title to Boat Slip 123 to Eastern Coastal, Eastern Coastal has been the owner in name only of Boat Slip 123 (or the proceeds thereof) and the beneficial owner thereof was the Debtor such that Boat Slip 123 and the proceeds thereof constitute property of this bankruptcy estate.

81.     The Debtor, Gonalakis, and Eastern Coastal have been in possession, custody, or control of Boat Slip 123 (or the proceeds thereof) during this case, which property constitutes property which the Trustee may use sell or lease under § 363 of the Bankruptcy Code.

82.     The Trustee is entitled to immediate possession and control of Boat Slip 123 and the proceeds thereof.

83.     Pursuant to § 542 of the Bankruptcy Code, the Debtor, Gonalakis, and Eastern Coastal are required to turnover and deliver to the Trustee Boat Slip 123 and all proceeds reasonably identifiable as the proceeds thereof.

84.     Upon information and belief, ever since the Debtor transferred legal title to Boat Slip D-38 to Eastern Coastal, Eastern Coastal has been the owner in name only of Boat Slip D-38 (or the

9

proceeds thereof) and the beneficial owner thereof was the Debtor such that Boat Slip D-38 and the proceeds thereof constitute property of this bankruptcy estate.

85. The Debtor, Gonalakis, and Eastern Coastal have been in possession, custody, or control of Boat Slip D-38 (or the proceeds thereof) during this case, which property constitutes property which the Trustee may use sell or lease under § 363 of the Bankruptcy Code.

86. The Trustee is entitled to immediate possession and control of Boat Slip D-38 and all of the proceeds thereof.

87. Pursuant to § 542 of the Bankruptcy Code, the Debtor, Gonalakis, and Eastern Coastal are required to turnover and deliver to the Trustee Boat Slip D-38 and all proceeds reasonably identifiable as the proceeds thereof.

## EIGHTH CLAIM FOR RELIEF
### Conversion – Debtor and Gonalakis

88. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

89. Upon information and belief, Gonalakis has conspired with the Debtor to secrete and conceal the Debtor's interest in property of the Debtor, Property of Eastern Coastal, Property of Earth Movers, and Property of Those Guys, and perhaps of Debtor's Other Businesses.

90. Upon information and belief, Gonalakis has conspired with and permitted the Debtor to convert property of the Debtor and Property of Eastern Coastal to the Debtor's own use and or to Gonalakis' own use after the Petition Date, and thereby has converted such property to his own use.

91. Plaintiff is informed and believes, and therefore alleges that such property includes at least Boat Slip 123 and Boat Slip D-38 of a value in excess of $50,000, the exact amount to be proven at the trial of this matter.

92. Gonalakis and the Debtor are thus jointly and severally liable to the Trustee and the bankruptcy estate in an amount in excess of $50,000, the exact amount to be proven at the trial of this matter.

## NINTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty – Debtor and Gonalakis

93. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

94. On the Conversion Date, the Trustee succeeded to the Debtor's 100% ownership interest in Eastern Coastal.

95. The Debtor and Gonalakis acted purportedly on behalf of Eastern Coastal in selling and transferring Boat Slip 123 and Boat Slip D-38.

96. In acting purportedly on behalf of Eastern Coastal in selling and transferring Boat Slip 123 and Boat Slip D-38, the Debtor and Gonalakis owed to the Trustee as 100% owner of Eastern Coastal, and as beneficial owner of Boat Slip 123 and Boat Slip D-38, a fiduciary duty of loyalty, good faith, and due care, and a duty to account to Eastern Coastal and to account and pay to the Trustee, as beneficial owner of Boat Slip 123 and Boat Slip D-38, the proceeds of the sale of Boat Slip 123 and Boat Slip D-38.

97. The Debtor and Gonalakis have failed and have breached their duty to account to Eastern Coastal and to account and pay to the Trustee, as beneficial owner of Boat Slip 123 and Boat Slip D-38, the proceeds of the sale of Boat Slip 123 and Boat Slip D-38.

98. The Debtor and Ionnais therefore are jointly and severally liable to the estate in an amount in excess of $50,000, the exact amount to be proven at the trial of this matter.

### TENTH CLAIM FOR RELIEF
### To Pierce the Corporate Veil of Eastern Coastal, Earth Movers, and Those Guys

99. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

100. Upon information and belief, at all relevant times, the Debtor had and exercised complete control, influence and domination over the finances, policies, business practices, and all affairs of Eastern Coastal, Earth Movers, and Those Guys. This domination and control prevented Eastern Coastal, Earth Movers, and Those Guys from having separate minds, wills, or existences of their own, making Eastern Coastal, Earth Movers, and Those Guys the mere instrumentalities and alter egos of the Debtor.

101. The Debtor's control of Eastern Coastal, Earth Movers, and Those Guys has been used by the Debtor and those companies to commit fraud and wrong, and to perpetrate the violation of a legal duty of the Debtor, as these companies have been employed as transferees of the Debtor's money and property in a scheme to avoid the payment of the Debtor's creditors.

102. As a result of the Debtor's control of Eastern Coastal, Earth Movers, and Those Guys, the Trustee as representative of this bankruptcy estate has been deprived of money and property of the Debtor which could be used to pay the Debtor's creditors and for the benefit of this estate.

103. The aforementioned scheme and harm is evidenced by, among other instances, the Debtor's transfer to Eastern Coastal, for no consideration, Boat Slip 123 and Boat Slip D-38, followed by Eastern Coastal's sale of these boat slips for approximately $50,000, followed by the failure of the Debtor or Eastern Coastal to account for and pay the proceeds of the sale to the Trustee.

104. Upon information and belief, Eastern Coastal, Earth Movers, and Those Guys did not comply with corporate formalities.

105. Upon information and belief, Eastern Coastal, Earth Movers, and Those Guys were inadequately capitalized.

106. The Debtor's control of Eastern Coastal, Earth Movers, and Those Guys is such that their corporate existence should be disregarded and their assets should be treated as property of this bankruptcy estate pursuant to 11 U.S.C. § 541, and those assets should be turned over to the Trustee pursuant to 11 U.S.C. § 542.

## ELEVENTH CLAIM FOR RELIEF
### Punitive Damages, Contempt and Stay Violation – Debtor and Gonalakis

107. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

108. The actions of the Debtor and Gonalakis as alleged herein, and as to be shown at a trial of this matter, were willful, knowing, and egregious and constitute a contempt of this Court and a willful violation of the automatic stay.

109. As a result of these actions, and pursuant to 11 U.S.C. § 362(k)(1) and as a result of the contempt of this Court committed by the Debtor and Gonalakis, the Plaintiff is entitled to recover from the Debtor and Gonalakis actual damages, including costs and attorneys fees, sustained by the Plaintiff and the bankruptcy estate as a result of its actions, together with an additional amount of punitive damages appropriate in amount to discourage similar conduct by similarly situated parties in other cases in the future.

## TWELFTH CLAIM FOR RELIEF
### Accounting and Turnover from Defendants

110. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

111. Upon information and belief, the Debtor and/or the other named Defendants have had access to all of the property mentioned in this complaint and all of the property of the Debtor and the proceeds thereof, and have transferred properties and funds of this estate or which should be recoverable by this estate for their own use and benefit, even during the pendency of this bankruptcy proceeding.

112. The Trustee is entitled to an immediate accounting and payment from all Defendants as to all cash or funds in any accounts in which the Debtor, Eastern Coastal, Earth Movers, Those Guys, and/or the Debtor's Other Businesses have a beneficial interest and any property, and proceeds of any property, the transfer of which is sought to be avoided hereunder.

113. The Trustee is entitled to receive from each of the Defendants immediately the items, information, and documents set forth on the attached Exhibit H.

114. The Trustee is entitled to an immediate accounting from all Defendants as to the following: A disclosure of the whereabouts of the Personal Properties, the 2007 Chevy, the proceeds from Eastern Coastal's sale of Boat Slip 123 and Boat Slip D-38, the $95,000 constituting the Gonalakis Transfer, all Property of Eastern Coastal, all Property of Earth Movers, all Property of Those Guys, all Property of Debtor's Other Businesses, and the proceeds of any of the foregoing properties.

115. The Trustee is entitled to an order requiring all of the Defendants, and any other person or entities in possession, custody or control of any of the properties set forth in this paragraph, to account for and turnover and deliver to the Trustee within two business days of the entry of the Court's order allowing this turnover the following: the Personal Properties, the 2007 Chevy, the proceeds from Eastern Coastal's sale of Boat Slip 123 and Boat Slip D-38, the $95,000 constituting the Gonalakis Transfer, all Property of Eastern Coastal, all Property of Earth Movers, and all Property of Those Guys, all Property of Debtor's Other Businesses, and the proceeds of any of the foregoing properties, and all cash or funds in any accounts in which the Debtor, Eastern Coastal, Earth Movers, and/or Those Guys have a beneficial interest.

## MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND MOTION FOR PERMANENT INJUNCTION

116. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if set forth herein verbatim.

117. The wrongful acts of the Defendants, as alleged herein and above, are causing and will continue to cause immediate and irreparable injury, loss, and damage to the Bankruptcy Estate.

118. Given the properties at issue and the potential funds and proceeds contained in bank accounts, real circumstances exist such that if immediate action is not taken to preserve these properties and funds and to prevent the Defendants from further transferring, obtaining, and using these properties and funds, any remaining property or funds will be unrecoverable for the bankruptcy estate.

119. The bankruptcy estate will be irreparably harmed by the transfer or other disposition of these properties or funds by the Defendants or by any other persons or entities.

120. Public policy would be furthered by preserving the status quo, by retaining for the potential benefit to the bankruptcy estate these properties and funds, by preventing the Defendants from liquidating these properties and funds, and by preventing this type of conduct from happening the future.

121. In this case, the Defendants' wrongful acts, unless temporarily, preliminarily and permanently enjoined, will continue and will produce permanent and irreparable injury to the Plaintiff and the Debtor's creditors.

122. The Plaintiff moves the Court pursuant to Rule 65(b) of the Federal Rules of Civil Procedure for a Temporary Restraining Order and Preliminary Injunction, applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7065, which would enjoin all of the Defendants, and any other person or entity acting in concert with them or in possession, custody, or control of the following property from disbursing selling, transferring, using, disposing, or encumbering, any of the following properties: the Personal Properties, the 2007 Chevy, the proceeds from Eastern Coastal's sale of Boat Slip 123 and Boat Slip D-38, the $95,000 constituting the Gonalakis Transfer, all Property of Eastern Coastal, all Property of Earth Movers, and all Property of Those Guys, all Property of Debtor's Other Businesses, and all reasonably identifiable proceeds of any of the foregoing properties, and all cash or funds in any accounts in which the Debtor, Eastern Coastal, Earth Movers, Those Guys, and/or the Debtor's Other Businesses have a beneficial interest.

123. The Plaintiff moves the Court pursuant to Rule 65(b) of the Federal Rules of Civil Procedure for a Temporary Restraining Order and Preliminary Injunction, applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7065, and pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure for an order requiring all of the Defendants, and any other person or entity acting in concert with them or in possession, custody, or control of the following information to property to:

   a. Immediately disclose and provide to the Trustee an accounting of the whereabouts of all cash or funds in any accounts in which the Debtor, Eastern Coastal, Earth Movers, Those Guys, and/or the Debtor's Other Businesses have a beneficial interest;

   b. Immediately disclose and provide to the Trustee an accounting of the whereabouts of the Personal Properties, the 2007 Chevy, the proceeds from Eastern Coastal's sale of Boat Slip 123 and Boat Slip D-38, the $95,000 constituting the Gonalakis Transfer, all Property of Eastern Coastal, all Property of Earth Movers, all Property of Those Guys, all Property of Debtor's Other Businesses, and the proceeds of any of the foregoing properties;

   c. Immediately turnover and deliver to the Trustee at his office address or at some other location as the Trustee may specify the following: the Personal Properties and the proceeds of any of the Personal Properties, and all cash or funds in any accounts in which the Debtor has a beneficial interest and the proceeds of any such accounts; and

   d. Immediately turnover and deliver to the Trustee at his office address the information set forth on Exhibit H under numbers 1, 2, 3, 4, 9, 10, 11, 12 and 13.

WHEREFORE, the Plaintiff prays that the Court:

1.  Immediately issue a Temporary Restraining Order against the Defendants, and any other person or entity acting in concert with them or in possession, custody, or control of the following property, restraining and enjoining such parties from disbursing, selling, transferring, using, disposing, or encumbering:

    a. The Personal Properties;
    b. The 2007 Chevy;
    c. The proceeds from Eastern Coastal's sale of Boat Slip 123 and Boat Slip D-38;
    d. The $95,000 constituting the Gonalakis Transfer;
    e. All Property of Eastern Coastal;
    f. All Property of Earth Movers;
    g. All Property of Those Guys;
    h. All cash or funds in any accounts in which the Debtor has a beneficial interest;
    i. All cash or funds in any accounts in which Eastern Coastal has a beneficial interest;
    j. All cash or funds in any accounts in which Earth Movers has a beneficial interest;
    k. All cash or funds in any accounts in which Those Guys has a beneficial interest; and
    l. All reasonably identifiable proceeds of any of the foregoing properties or funds.

2.  Immediately issue a Temporary Restraining Order against the Defendants, and any other person or entity acting in concert with them or in possession, custody, or control of the following information to property to:

    a. Immediately disclose and provide to the Trustee an accounting of the whereabouts of all cash or funds in any accounts in which the Debtor, Eastern Coastal, Earth Movers, Those Guys, and/or the Debtor's Other Businesses have a beneficial interest;

    b. Immediately disclose and provide to the Trustee an accounting of the whereabouts of the Personal Properties, the 2007 Chevy, the proceeds from Eastern Coastal's sale of Boat Slip 123 and Boat Slip D-38, the $95,000 constituting the Gonalakis Transfer, all Property of Eastern Coastal, all Property of Earth Movers, all Property of Those Guys, all Property of Debtor's Other Businesses, and the proceeds of any of the foregoing properties;

    c. Immediately turnover and deliver to the Trustee at his office address or at some other location as the Trustee may specify the following: the Personal Properties and the proceeds of any of the Personal Properties, and all cash or funds in any accounts in which the Debtor has a beneficial interest and the proceeds of any such accounts; and

      d. Immediately turnover and deliver to the Trustee at his office address the information set forth on Exhibit H under numbers 1, 2, 3, 4, 9, 10, 11, 12 and 13.

3. For an order pursuant to 11 U.S.C. § 542 requiring the Debtor, Gonalakis, James A. Rose, Jr., and any person or entity in possession, custody or control of the Personal Properties, to immediately account for and turnover and deliver to the Trustee the Personal Properties.

4. For a judgment against Defendant Gonalakis to avoid and recover the Gonalakis Transfer and a money judgment in the amount of at least $95,000.00 pursuant to 11 U.S.C. §§ 547, 548, 550 and 551.

5. For an order providing that the 2007 Chevy is property of this bankruptcy estate and that any interest of Defendant James Rose, Jr. in the vehicle is void and subordinate to the estate's interest in the vehicle.

6. For a judgment against Defendant James Rose, Jr. to avoid and recover the 2007 Chevy Transfer and the 2007 Chevy, or for money judgment in the amount of at least $26,650.00 pursuant to 11 U.S.C. §§ 547, 548, 550 and 551.

7. For an order pursuant to §§ 541 and 542 of the Bankruptcy Code providing that Boat Slip 123 and Boat Slip D-38s constitute property of the estate and requiring the Debtor, Gonalakis, and Eastern Coastal to turnover and deliver to the Trustee Boat Slip 123 and Boat Slip D-38 and all proceeds reasonably identifiable as the proceeds thereof.

8. For a judgment against Gonalakis and the Debtor, jointly and severally, in an amount in excess of $50,000, the exact amount to be proven at the trial of this matter, as a result of their conversion of Boat Slip 123 and Boat Slip D-38 and breach of fiduciary duties.

9. For an order providing that the corporate existence of Eastern Coastal, Earth Movers, and Those Guys should be disregarded and their assets should be treated as property of this bankruptcy estate pursuant to 11 U.S.C. § 541, and those assets should be turned over to the Trustee pursuant to 11 U.S.C. § 542.

10. For a judgment against the Debtor and Gonalakis, pursuant to 11 U.S.C. § 362(k)(1) and as a result of the contempt of this Court committed by them, in the amount of the Trustee's actual damages, including costs and attorneys fees, sustained by the Plaintiff and the bankruptcy estate as a result of their actions, together with an additional amount of punitive damages appropriate in amount to discourage similar conduct by similarly situated parties in other cases in the future.

11. For an order requiring the Defendants to provide an accounting and a turnover as requested in the Twelfth Claim for relief;

12. To tax the costs of this action against the Defendants; and

13. Grant such other and further relief as may be just and proper.

This 9th day of May, 2008.

                                                        BUTLER & BUTLER, L.L.P.

                                                        */s/ Algernon L. Butler, III*

                                                       Algernon L. Butler, III
                                                       Attorneys for the Trustee
                                                       NC State Bar No.: 20881
                                                       PO Box 38
                                                        Wilmington, NC 28402
                                                        Telephone (910) 762-1908
                                                        Facsimile  (910) 762-9441

STATE OF NORTH CAROLINA
NEW HANOVER COUNTY

**VERIFICATION**

Algernon L. Butler, III, first being duly sworn, deposes and says as follows:

That he is the Plaintiff in the foregoing action; that he has read the foregoing Complaint and knows the contents thereof; that the same is true of his own knowledge, except as to those matters therein alleged upon information and belief, and as to those matters, he believes them to be true.

_____
Algernon L. Butler, III
Trustee for James A. Rose, III

Sworn to and subscribed before me
this 9th day of MAY, 2008.

_____
Notary Public
My Commission expires: 11-27-10

[Notary Seal: MICHELLE DeNITTIS, NOTARY PUBLIC, NEW HANOVER CO., NC]

F:\Sys\USERS\SHARED\FORMS\VERIFY.WPD