IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | |
| JAMES ALFRED ROSE, III | CASE NO. 08-00625-8-JRL |
| DEBTOR. | CHAPTER 7 |

### RESPONSE OF ROBERT S. KING TO DEBTOR'S MOTION TO DISMISS

**COMES NOW** Robert S. King, a non-secured creditor in the above-captioned case, by and through counsel, and hereby responds to the Motion to Dismiss of Debtor, and opposes the motion, and in support thereof, shows unto the Court the following:

1. The Debtor has failed to show "cause" entitling him to dismissal of this case pursuant to Section 707 of the Bankruptcy Code. *See* 11 U.S.C. § 707. Under Section 707, the Court may dismiss a case under chapter 7 *only* after notice and a hearing and *only* for cause. *In re Martin*, 30 B.R. 24, 26 (E.D.N.C. 1983) (emphasis in original). The Debtor contends that at the time he filed his Chapter 11 bankruptcy petition (which has been converted to this Chapter 7 case), he was "in poor health and the condition of his health prevented him from fully understanding the ramifications of his filing." The Debtor's contention is unpersuasive. He does not explain what health condition prevented him from understanding the nature of his bankruptcy filing; nor is there any indication that he was incompetent at the time he filed his petition. *See id.* at 27. Indeed, the Debtor was represented by counsel at the time of his filing. *Id.* Therefore, the Debtor's reasons for dismissal are without merit and, as discussed below, do not outweigh the prejudice that would result to creditors if dismissal were granted.

2. Dismissal of this case would be prejudicial to the creditors because the Debtor's plan to repay the creditors if the case is dismissed is an unsound one. The Debtor contends that

if this case is dismissed, he will be able to obtain a loan in the amount of Nine Million Dollars ($9,000,000). The Debtor has not shown (nor do the schedules and statement of financial affairs demonstrate) that the rental properties he proposes to use as security for the proposed loan possess enough equity value to support a Nine Million Dollar ($9,000,000) loan. It is highly unlikely that a bank would provide such a loan to the Debtor after his having recently filed for bankruptcy; given the fact that many of those rental properties are in disrepair that the Debtor cannot afford to remedy; and because most, if not all, of those rental properties are in foreclosure proceedings that have only been stayed because of the bankruptcy filing. In addition, the Debtor has already revealed his proclivity for gambling and demonstrated his inability to uphold his financial obligations. To dismiss this case and leave the creditors at the mercy of the Debtor's devices would be highly prejudicial to the creditors.

3.   A person who files a bankruptcy petition not only invokes the protection of the Court, but also assumes the responsibility imposed by bankruptcy law. *In re Martin, supra* at 26. Having filed his bankruptcy case, the Debtor is obligated to submit to the inquiry of the creditors and the trustee to allow them the opportunity to determine whether the Debtor has property available for his debts. Although Debtor originally filed for bankruptcy on January 31, 2008, he has still not attended a section 341 meeting. He should not be allowed to reap the benefits of his bankruptcy filing, which stayed the numerous legal proceedings instituted against him, and now avoid the burdens that come with it.

4.   In addition, to dismiss this case would be prejudicial to creditors, because the bankruptcy court, with its national jurisdiction and more efficient procedures, is a better forum than state court for the creditors to pursue their claims. This is particularly true here where the

Debtor possesses real property outside North Carolina, and many of the creditors are outside the State.

WHEREFORE, Robert S. King, by and through counsel, prays the Court for an Order denying the Debtor's Motion to Dismiss this case, and for such other and further relief as to the Court seems just and proper.

This the 23rd day of May, 2008.

**SHIPMAN & WRIGHT, L.L.P.**

/s/ Gary K. Shipman
**Gary K. Shipman**
N.C. State Bar No. 9464
**Aileen Wu Viorel**
N.C. State Bar No. 36398
575 Military Cutoff Road, Suite 106
Wilmington, NC 28405
Tel: 910.762.1990
Fax: 910.762.6752
gshipman@shipmanlaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| IN RE: | |
|---|---|
| JAMES ALFRED ROSE, III | CASE NO. 08-00625-8-JRL |
| DEBTOR. | CHAPTER 7 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that he/she is over eighteen (18) years of age and that the RESPONSE OF ROBERT S. KING TO DEBTOR'S MOTION TO DISMISS in the above captioned case were this day served upon the below named persons by mailing, postage prepaid, first class mail a copy of such instrument to each person(s), parties, and/or counsel at the addresses shown below:

James Alfred Rose, III
519 Spencer Furlow Drive
Carolina Beach, NC 28428

Dean R. Davis
1508 Military Cutoff Road
Suite 102
Wilmington, NC 28403

Algernon L. Butler, III
Post Office Box 38
Wilmington, NC 28402

This the 23rd day of May, 2008.

SHIPMAN & WRIGHT, L.L.P.

/s/Gary K. Shipman
**Gary K. Shipman**
N.C. State Bar No. 9464
575 Military Cutoff Road, Suite 106
Wilmington, NC 28405
Tel: 910.762.1990
Fax: 910.762.6752
gshipman@shipmanlaw.com