**SO ORDERED.**

**SIGNED this 11 day of June, 2008.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

JAMES A. ROSE, III,

    DEBTOR.                                     CASE NO. 08-00625-8-JRL

_____

**ORDER**

This case is before the court on a motion to dismiss this Chapter 7 case filed by James A. Rose, III ("debtor") and an order requiring the debtor to show cause why sanctions should not be imposed for failing to file schedules and statements. On June 5, 2008, the court conducted a hearing on these matters in Wilmington, North Carolina.

<u>Debtor's Motion to Dismiss</u>

The debtor filed for relief under Chapter 11 of the Bankruptcy Code on January 31, 2008. The case was converted to one under Chapter 7 on April 21, 2008. On May 1, 2008, the debtor filed a motion to dismiss his case. The debtor's motion contends his poor health condition at the time he filed his Chapter 11 petition prevented him from fully understanding the ramifications. The motion also asserts that dismissal is warranted because the debtor believes that he will be able to obtain a $9,000,000.00 loan, secured by his rental properties, and that he will use this loan to repay all

creditors. The trustee opposes the debtor's motion to dismiss on the basis that all of the factors the court is to consider when deciding whether to dismiss a case under 11 U.S.C. § 707(a) weigh in favor of denying the debtor's motion.

Section 707(a) applies to a debtor seeking a voluntary dismissal of his own petition. In re Klein, 39 B.R. 530, 532 (Bankr. E.D.N.Y. 1984). A Chapter 7 debtor does not have an absolute right to dismiss his petition. Id. In order to succeed in a motion to dismiss, a debtor must make a showing of cause and demonstrate why dismissal is justified. In re Haney, 241 B.R. 430, 432 (Bankr. E.D. Ark. 1999). Courts generally consider the following factors in deciding a debtor's motion to dismiss: (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in a prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending. In re Turpen, 244 B.R. 431, 434 (8th Cir. B.A.P. 2000).

The court agrees with the trustee that each of these factors weighs against dismissal. First, none of the creditors have consented to the dismissal. Second, the debtor has not acted in good faith since filing his bankruptcy petition because he has failed to (1) file schedules and a statement of financial affairs as required by the Code, (2) comply with the court's previous temporary restraining order and turnover order, (3) attend a § 341 meeting, and (4) cooperate with the trustee. Third and fourth, a dismissal would inevitably result in a delay of payment to creditors and would result in a reordering of the priorities set by the Code. Fifth, there appears to be no other proceeding through which the payment of the debtor's claims can be handled. Sixth, the trustee has instituted adversary

proceedings for the recovery of preferences and to pierce the corporate veil of the debtor's corporations. Accordingly, the court denies the debtor's motion to dismiss.

Show Cause Order for Failing to File Schedules and a Statement of Financial Affairs

The debtor has yet to file any schedules or a statement of financial affairs as required by 11 U.S.C. § 521. The trustee has filed with the court a draft of the debtor's schedules that he obtained from the debtor's counsel, but this does not relieve the debtor of his responsibility to file full and accurate versions of these documents. Therefore, the court directs the debtor to (1) appear at his § 341 meeting to be fully questioned by the trustee, (2) cooperate with the trustee in any way necessary to accurately complete the schedules and statement of financial affairs, and (3) comply with the trustee's previous request for production of documents pursuant to Rule 2004. If the debtor does not appear at the § 341 meeting as required, the court will enter an order directing the United States Marshal to apprehend the debtor and bring him before court.

"**END OF DOCUMENT**"