UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In re:<br><br>James A. Rose, III<br><br>Debtor | Case No. 08-00625-8-JRL<br><br>Chapter 7 |
| Algernon L. Butler, III, Chapter 7 Trustee for James A. Rose, III,<br><br>Plaintiff,<br><br>v.<br><br>Peter E. Jakubeit,<br><br>Defendant. | Adversary Proceeding No. |

## COMPLAINT

NOW COMES Algernon L. Butler, III Chapter 7 Trustee for James A. Rose, III ("Trustee"), in the above-referenced bankruptcy estate, and alleges and complains of the Defendant, Peter E. Jakubeit ("Jakubeit"), as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Debtor James A. Rose, III filed a petition under Chapter 11 commencing this case on January 31, 2008 ("Petition Date"). This case was converted to Chapter 7 by order of the Court entered on April 21, 2008 ("Conversion Date").

2. Algernon L. Butler, III ("Trustee") was duly appointed and is serving as Chapter 7 Trustee in this case.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334 and the Standing Order of Reference of the United States District Court for the Eastern District of North Carolina.

4. This is a core proceeding under 28 U.S.C. §157(b)(2).

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL ALLEGATIONS

6. Upon information and belief, Jakubeit is a citizen and resident of New Hanover County, North Carolina.

7. Upon information and belief, on the date of the filing of the Debtor's petition in this case the Debtor was the owner of a 2006 McKee Craft boat, serial # believed to be MKC19208G506, vessel # NC 2084 DC, together with a motor and a trailer that is believed to be a 2006 Magic Tilt Trailer VIN 1M5BA201561E0009B and all accessories installed and contained in the boat (together the "Boat, Motor, and Trailer").

8. On the Petition Date and on the Conversion Date, the Boat, Motor, and Trailer constituted property of the bankruptcy estate pursuant to 11 U.S.C. § 541 which the Trustee was entitled to sell for the benefit of the estate.

9. Upon information and belief, on the Petition Date and on the Conversion Date, the Boat, Motor, and Trailer were unencumbered and were of consequential value to the estate.

10. Upon information and belief, the value of the Boat, Motor, and Trailer, at all relevant times, was at least $22,500.00.

11. Upon information and belief, on or around April 21, 2008 the Debtor transferred to Jakubeit the Boat, Motor, and Trailer (the "Boat, Motor, and Trailer Transfer").

12. Upon information and belief, subsequent to the Petition Date the Debtor, personally or through an agent, may have transferred to Jakubeit one or more additional items of personal property which, prior to their purported transfer to Jakubeit, constituted property of the Debtor's bankruptcy estate (the "Additional Transfers").

## FIRST CLAIM FOR RELIEF
### Recovery of Post-Petition Transfer - 11 USC § 549

13. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

14. The Boat, Motor, and Trailer Transfer was, and effected, a transfer of property of the estate within the meaning of 11 U.S.C. § 549.

15. The Additional Transfers were, and effected, transfers of property of the estate within the meaning of 11 U.S.C. § 549.

16. The Boat, Motor, and Trailer Transfer occurred after the Petition Date and after the Conversion Date.

17. The Additional Transfers occurred after the Petition Date and after the Conversion Date.

18. The Boat, Motor, and Trailer Transfer was not authorized under Title 11 of the United States Code and was not authorized by the Bankruptcy Court.

19. The Additional Transfers were not authorized under Title 11 of the United States Code and were not authorized by the Bankruptcy Court.

20. The Boat, Motor, and Trailer Transfer is avoidable as a postpetition transfer pursuant to 11 U.S.C. § 549.

21. The Additional Transfers are avoidable as postpetition transfers pursuant to 11 U.S.C. § 549.

22. Once avoided, the Boat, Motor, and Trailer Transfer and the interest in the Boat, Motor, and Trailer transferred thereunder should be preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

23. Once avoided, the Additional Transfers and the interest in the items of property transferred thereunder should be preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

24. Plaintiff is entitled to an order declaring the Boat, Motor, and Trailer Transfer to be null and void and of no effect, determining the interest of the Defendant in the Boat, Motor, and Trailer to be null and void, and determining the Boat, Motor, and Trailer and its proceeds to be property of the estate free of any interest of the Defendant.

25. Plaintiff is entitled to an order declaring the Additional Transfers to be null and void and of no effect, determining the interest of the Defendant in the property transferred thereby to be null and void, and determining such property its proceeds to be property of the estate free of any interest of the Defendant.

26. Plaintiff is entitled to recover a money judgment against the Defendant for the value of the Boat, Motor, and Trailer Transfer in the amount of at least $22,500 pursuant to 11 U.S.C. § 550.

27. Plaintiff is entitled to recover a money judgment against the Defendant for the value of the Additional Transfers in the amount to be shown to the Court pursuant to 11 U.S.C. § 550.

### SECOND CLAIM FOR RELIEF
### Turnover of Property of the Estate - 11 USC § 542
### (In the Alternative)

28. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

29. Upon information and belief, Jacubeit is in possession, custody, or control of the Boat, Motor, and Trailer.

30. Upon information and belief, Jacubeit may be in possession, custody, or control of other items of personal property which were subject to the Additional Transfers.

31. In the alternative, the Boat, Motor, and Trailer and the property subject to the Additional Transfers constitute property of this bankruptcy estate pursuant to 11 U.S.C. § 541.

32. Pursuant to 11 U.S.C. § 542, the Defendant and any person or entity in possession, custody or control of the Boat, Motor, and Trailer and the property subject to the Additional Transfers are required to immediately account for and turnover and deliver to the Trustee these items of property.

33. Pursuant to 11 U.S.C. § 542, the Defendant and any person or entity who has received or who is in possession, custody or control of any proceeds of the Boat, Motor, and Trailer and/or any proceeds of the property subject to the Additional Transfers are required to immediately account for and turnover and deliver to the Trustee the proceeds of such property received or held by such persons.

WHEREFORE, the Plaintiff prays that the Court:

1. Enter a judgment against Defendant to avoid and recover the Boat, Motor, and Trailer Transfer, the Additional Transfers, and the property subject such transfers, or in the alternative for money judgment against the Defendant for the value of the Boat, Motor, and Trailer Transfer and the Additional Transfers pursuant to 11 U.S.C. §§ 549, 550 and 551.

2. Enter an order pursuant to 11 U.S.C. §§ 541 and 542 providing that the Boat, Motor, and Trailer, the property subject to the Additional Transfers, and all proceeds of these transfers, constitute property of the estate, and requiring the Defendant to immediately account for and turnover and deliver to the Trustee the Boat, Motor, and Trailer, the property subject to the Additional Transfers, and all proceeds of these transfers.

3. Enter an order against the Defendant allowing the Trustee interest on all money judgments entered against the Defendant with such interest to be allowed from the institution of this adversary proceeding.

4. Tax the costs of this action against the Defendant.

5. Grant such other and further relief as may be just and proper.

This 12th day of June, 2008.

BUTLER & BUTLER, L.L.P.

*Al Butler*

Algernon L. Butler, III
Attorneys for the Trustee
NC State Bar No.: 20881
PO Box 38
Wilmington, NC 28402
Telephone (910) 762-1908
Facsimile (910) 762-9441

## VERIFICATION

Algernon L. Butler, III, first being duly sworn, deposes and says as follows:

That he is the Plaintiff in the foregoing action; that he has read the foregoing Complaint and knows the contents thereof; that the same is true of his own knowledge, except as to those matters therein alleged upon information and belief, and as to those matters, he believes them to be true.

_____
Algernon L. Butler, III
Chapter 7 Trustee for James A. Rose, III
NC State Bar No. 20881
P.O. Box 38
Wilmington, North Carolina 28402
Telephone (910) 762-1908
Facsimile (910) 762-9441

Sworn to and subscribed before me
this 12th day of June, 2008.

_____
Notary Public

My Commission expires: 11-27-10

