UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| In re: | |
| James A. Rose, III | Case No. 08-00625-8-JRL |
| Debtor | Chapter 7 |
| Algernon L. Butler, III, Chapter 7 Trustee for James A. Rose, III, | |
| Plaintiff, | Adversary Proceeding No. |
| v. | |
| David Cole, | |
| Defendant. | |

## COMPLAINT

NOW COMES Algernon L. Butler, III as Chapter 7 Trustee for James A. Rose, III ("Trustee") in the above-referenced bankruptcy estate, and alleges and complains of the Defendant, David Cole ("Cole"), as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Debtor James A. Rose, III filed a petition under Chapter 11 commencing this case on January 31, 2008 ("Petition Date"). This case was converted to Chapter 7 by order of the Court entered on April 21, 2008 ("Conversion Date").

2. Algernon L. Butler, III ("Trustee") was duly appointed and is serving as Chapter 7 Trustee in this case.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and §1334 and the Standing Order of Reference of the United States District Court for the Eastern District of North Carolina.

4. This is a core proceeding under 28 U.S.C. §157(b)(2).

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL ALLEGATIONS

6. Upon information and belief, Cole is a citizen and resident of New Hanover County, North Carolina.

7. Upon information and belief, on the date of the filing of the Debtor's petition in this case the Debtor was the owner of a 2004 Honda jet-drive personal watercraft, model # believed to be ARX1200T24, vessel # NC-0638DE, and a trailer, and a golf cart (together the "Watercraft, Trailer, and Golf Cart").

8. At all relevant times, the Watercraft, Trailer, and Golf Cart constituted property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

9. Upon information and belief, at all relevant times, the Watercraft, Trailer, and Golf Cart were unencumbered and were of consequential value to the estate.

10. Upon information and belief, the value of the Watercraft, Trailer, and Golf Cart, at all relevant times, was at least $15,000.

11. Upon information and belief, subsequent to the Petition Date, the Watercraft, Trailer, and Golf Cart were transferred to Cole (the "Watercraft, Trailer, and Golf Cart Transfer").

12. Upon information and belief, subsequent to the Petition Date the Debtor, personally or through an agent, may have transferred to Cole one or more additional items of personal property which, prior to their purported transfer to Cole, constituted property of the Debtor's bankruptcy estate (the "Additional Transfers").

## FIRST CLAIM FOR RELIEF
### Recovery of Post-Petition Transfer - 11 USC § 549

13. The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

14. The Watercraft, Trailer, and Golf Cart Transfer was, and effected, a transfer of property of the estate within the meaning of 11 U.S.C. § 549.

15. The Additional Transfers were, and effected, transfers of property of the estate within the meaning of 11 U.S.C. § 549.

16. The Watercraft, Trailer, and Golf Cart Transfer occurred after the Petition Date.

17. The Additional Transfers occurred after the Petition Date.

18. The Watercraft, Trailer, and Golf Cart Transfer was not authorized under Title 11 of the United States Code and was not authorized by the Bankruptcy Court.

19.   The Additional Transfers were not authorized under Title 11 of the United States Code and were not authorized by the Bankruptcy Court.

20.   The Watercraft, Trailer, and Golf Cart Transfer is avoidable as a postpetition transfer pursuant to 11 U.S.C. § 549.

21.   The Additional Transfers are avoidable as postpetition transfers pursuant to 11 U.S.C. § 549.

22.   Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover a money judgment against the Defendant for the value of the Watercraft, Trailer, and Golf Cart Transfer in the amount of at least $15,000, and for the value of the property which was the subject of the Additional Transfers in an amount to be shown to the Court, with the amount of such money judgment to be subsequently reduced and credited by the gross amount of any sales proceeds received by the Plaintiff as a result of any liquidation of the Watercraft, Trailer, and Golf Cart and the property which was the subject of the Additional Transfers.

23.   Once avoided, the Watercraft, Trailer, and Golf Cart Transfer and the interest in the Watercraft, Trailer, and Golf Cart transferred thereunder should be recovered by the Plaintiff and preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

24.   Once avoided, the Additional Transfers and the interest in the items of property transferred thereunder should be recovered by the Plaintiff and preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

25.   Plaintiff is entitled to an order declaring the Watercraft, Trailer, and Golf Cart Transfer to be null and void and of no effect, determining the interest of the Defendant in the Watercraft, Trailer, and Golf Cart to be null and void, and determining the Watercraft, Trailer, and Golf Cart and its proceeds to be property of the estate free of any interest of the Defendant.

26.   Plaintiff is entitled to an order declaring the Additional Transfers to be null and void and of no effect, determining the interest of the Defendant in the property transferred thereby to be null and void, and determining such property its proceeds to be property of the estate free of any interest of the Defendant.

27.   In order to effectuate the relief requested herein, the Plaintiff is entitled to an order authorizing and directing the North Carolina Division of Motor Vehicles and the North Carolina Wildlife Resources Commission to cancel any existing titles to the Watercraft, Trailer, and Golf Cart and to reissue titles to the Watercraft, Trailer, and Golf Cart in the name of Algernon L. Butler, III, Trustee, 111 N. Fifth Avenue, Wilmington, NC 28401, with the original of the reissued titles to be provided to the Trustee forthwith.

## SECOND CLAIM FOR RELIEF
### Turnover of Property of the Estate - 11 USC § 542
### (In the Alternative)

28.     The allegations set out in the foregoing paragraphs are incorporated herein by this reference.

29.     Upon information and belief, Cole is in possession, custody, or control of the Watercraft, Trailer, and Golf Cart.

30.     Upon information and belief, Cole may be in possession, custody, or control of other items of personal property which were the subject of the Additional Transfers.

31.     In the alternative, the Watercraft, Trailer, and Golf Cart and the property which was the subject of the Additional Transfers constitute property of this bankruptcy estate pursuant to 11 U.S.C. § 541.

32.     Pursuant to 11 U.S.C. § 542, the Defendant and any person or entity in possession, custody or control of the Watercraft, Trailer, and Golf Cart and the property which was the subject of the Additional Transfers are required to immediately account for and turnover and deliver to the Trustee these items of property.

33.     Pursuant to 11 U.S.C. § 542, the Defendant and any person or entity who has received or who is in possession, custody or control of any proceeds of the Watercraft, Trailer, and Golf Cart and/or any proceeds of the property which was the subject of the Additional Transfers are required to immediately account for and turnover and deliver to the Trustee the proceeds of such property received or held by such persons.

   WHEREFORE, the Plaintiff prays that the Court:

1.     Enter a judgment against Defendant pursuant to 11 U.S.C. §§ 549, 550 and 551 to avoid and recover the Watercraft, Trailer, and Golf Cart Transfer, the Additional Transfers, and the property which was the subject of such transfers, and for a money judgment against the Defendant for the value of the Watercraft, Trailer, and Golf Cart and the property which was the subject of the Additional Transfers with the amount of such money judgment to be subsequently reduced and credited by the gross amount of any sales proceeds received by the Plaintiff as a result of any liquidation of the Watercraft, Trailer, and Golf Cart and the property which was the subject of the Additional Transfers.

2.     Enter an order pursuant to 11 U.S.C. §§ 541 and 542 providing that the Watercraft, Trailer, and Golf Cart, the property which was the subject of the Additional Transfers, and all proceeds of these transfers, constitute property of the estate, and requiring the Defendant to immediately account for and turnover and deliver to the Trustee the Watercraft, Trailer, and Golf

Cart, the property which was the subject of the Additional Transfers, and all proceeds of these transfers.

3. Enter an order against the Defendant allowing the Trustee interest on all money judgments entered against the Defendant with such interest to be allowed from the institution of this adversary proceeding.

4. Enter an order authorizing and directing the North Carolina Division of Motor Vehicles and the North Carolina Wildlife Resources Commission to cancel any existing titles to the Watercraft, Trailer, and Golf Cart and to reissue titles to the Watercraft, Trailer, and Golf Cart in the name of Algernon L. Butler, III, Trustee, 111 N. Fifth Avenue, Wilmington, NC 28401, with the original of the reissued titles to be provided to the Trustee forthwith

5. Tax the costs of this action against the Defendant.

6. Grant such other and further relief as may be just and proper.

This 12th day of August, 2008.

BUTLER & BUTLER, L.L.P.

*/s/ Al Butler*

Algernon L. Butler, III
Attorneys for the Trustee
NC State Bar No.: 20881
PO Box 38
Wilmington, NC 28402
Telephone (910) 762-1908
Facsimile (910) 762-9441

VERIFICATION

Algernon L. Butler, III, first being duly sworn, deposes and says as follows:

That he is the Plaintiff in the foregoing action; that he has read the foregoing Complaint and knows the contents thereof; that the same is true of his own knowledge, except as to those matters therein alleged upon information and belief, and as to those matters, he believes them to be true.

Algernon L. Butler, III
Chapter 7 Trustee for James A. Rose, III
NC State Bar No. 20881
P.O. Box 38
Wilmington, North Carolina 28402
Telephone (910) 762-1908
Facsimile  (910) 762-9441

Sworn to and subscribed before me
this 13 day of August, 2008.

Notary Public

My Commission expires: 5/20/09

