**SO ORDERED.**

**SIGNED this 02 day of October, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

JAMES A. ROSE, III,                                            Case No. 08-00625-8-JRL

        Debtor.

_____

## ORDER

This case is before the court on the trustee's motion for turnover of property, sanctions for violating stay, accounting, and to show cause for failing to turnover property, naming as respondents Jamie Hunt, Traci Gunnell, and any other persons or entities in possession of the property at issue. On October 1, 2008, the court conducted a hearing on these matters in Wilmington, North Carolina.

On January 31, 2008, the debtor filed for protection under Chapter 11 of the Bankruptcy Code. The debtor's case was converted to Chapter 7 on April 21, 2008. The debtor is the sole member of Eastern Coastal Investors, LLC ("Eastern Coastal") which he formed on February 2, 2007. At the time of Eastern Coastal's formation, the debtor's primary occupation was to fix up and sell real property. In practice, the debtor often transferred real property, equipment and personal funds to Eastern Coastal in order to separate and shield these assets from any personal

liability.[1]  In addition to Eastern Coastal, the debtor formed and operated a landscaping company named Earth Movers Commercial Landscaping, LLC ("Earth Movers").  The debtor employed Traci Gunnell to perform office work for Earth Movers.  In furtherance of his landscaping business, the debtor acquired various equipment, including a 1996 John Deere backhoe, a Mack dump truck, a 2007 Hudson trailer, a Bobcat Track Loader, and other equipment for use in Earth Movers projects.  The debtor used personal funds to purchase this equipment but titled the equipment to Eastern Coastal.  The debtor acquired the backhoe by wiring $35,000 from an Eastern Coastal bank account to the backhoe's owner at the time, Jamie Hunt.  The backhoe was used in three landscaping jobs while in possession of the debtor.  Subsequently, at some point in February or March, 2008, the backhoe and other equipment disappeared.  As of this filing the debtor has been unsuccessful in locating his missing equipment.

     The trustee asserts that Jamie Hunt and Traci Gunnell are unlawfully in possession of the backhoe, the Mack dump truck, the 2007 Hudson trailer and other related equipment.  The trustee alleges that Mr. Hunt and Ms. Gunnell conspired to and successfully removed this equipment from Wilmington, NC to Danville, VA in an effort to defraud the debtor and the trustee of property of the estate.  In addition, the trustee believes that Ms. Gunnell removed from the debtor and deprived the trustee of books and records of the debtor and his business.  As a result, the trustee requests that Mr. Hunt and Ms. Gunnell turnover and provide an accounting of the backhoe, the truck, the trailer and all other equipment and property owned by the debtor

---

[1]The debtor admits to these facts.  The trustee has filed a pending adversary proceeding to pierce the corporate veil of Eastern Coastal on the basis that Eastern Coastal is the debtor's alter ego and all property purportedly belonging to Eastern Coastal is property of the debtor and the estate (AP # 08-00056-8-JRL).

pursuant to 11 U.S.C. § 542.

Ms. Gunnell responds to the trustee's allegations by admitting that she arranged the transporting of the backhoe to Danville, Virginia, but she denies any wrongdoing. Instead, she claims that the debtor agreed to lease the backhoe, rather than buy it, and Mr. Hunt is its rightful owner. Ms. Gunnell also denies removing or possessing any accounting records related to the debtor's business.

The court is persuaded by the trustee's argument and finds that the debtor is the lawful owner of the backhoe. First, the amount paid to Mr. Hunt by the debtor is consistent with the fair market value of similar equipment. The court finds it unlikely that the debtor paid market value up front in return for a lease agreement. In addition, the debtor purchased all of his other equipment related to the landscaping operations, suggesting a similar business plan for the backhoe. Although the debtor cannot produce a bill of sale as to the backhoe, the evidence suggests that this equipment belonged to the debtor and his company. Therefore, upon the filing of this bankruptcy the equipment belonged to the trustee as property of the estate, and its removal constituted a violation of the automatic stay.

Based on the foregoing, the court ALLOWS the trustee's motion for turnover and accounting. Jamie Hunt and Traci Gunnell have five days from the date of this order to turnover and provide an accounting for the backhoe, Mack truck, trailer, and all other equipment and property owned by the debtor that is or was ever in the possession, custody, or control of Mr. Hunt or Ms. Gunnell. Through an agreement with the trustee, all property must be turned over to Michael Gurkins with Country Boys Auction and Realty at 1211 W. 5th Street, Washington, North Carolina 27889. To the extent that Mr. Hunt and Ms. Gunnell fail to turnover the debtor's

property by the close of business on October 7, 2008, the court ALLOWS the trustee's motion for sanctions for violating the automatic stay in the amount of $500 per day until the property is turned over.

## "END OF DOCUMENT"